meeting in the Board of Town Auditors rather than the town electors which renders the whole matter somewhat moot.

■■ While it is clear that plaintiff wants the courts to do away with the township form of government, he overlooks the fact that the law provides a method for achieving that end. The former Constitution of 1870 and the statute each provided such a method and the present Constitution of 1970 (article 7, section 5) specifies that resident electors of any particular township may vote to abolish that form of government within their locality.

For the above reasons, the judgments of the circuit court of Cook County are affirmed.

Affirmed.

DRUCKER, P. J., and ENGLISH, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PETER W. BLANKS, Defendant-Appellant.

(No. 56989; ▆▆▆▆▆▆▆▆)

First District (5th Division)—July 27, 1973.

PER CURIAM.

James J. Doherty, Public Defender, of Chicago, (Ronald P. Katz, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Elmer C. Kissane, Patricia C. Bobb, and Ronald Lake, Assistant State's Attorneys, of counsel,) for the People.